UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CONCEPTUALIZATION GIBBS, #97-A-4719,

        Plaintiff,    03-CV-0700(Sr)

v.

C.O. THOMAS WICHTOWSKI, et al.,

        Defendants.

---

## DECISION AND ORDER

    Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. #28.

    Plaintiff filed this *pro se* action on or about September 17, 2003 seeking relief pursuant to 42 U.S.C. § 1983. Dkt. #1. Plaintiff alleges that while an inmate at the Elmira Correctional Facility ("Elmira"), his rights pursuant to the Eighth and Fourteenth Amendments to the United States Constitution were violated.[1] *Id*. Currently

---

[1] By Decision and Order filed April 12, 2004, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, United States District Judge William M. Skretny ordered that plaintiff's due process claim (as part of his First Claim) against defendants Wenderlick and Selsky must be dismissed. With respect to plaintiff's Second Claim, to the extent that it could be construed to allege an Eighth Amendment claim against defendants West, McGinnis, Goord and Leclaire, Judge Skretny ordered that that claim also be dismissed. As set forth in Judge Skretny's Order, the remaining claims subsumed within plaintiff's Second Claim relating to the disciplinary hearing and sentence imposed may proceed. Finally, Judge Skretny dismissed plaintiff's Third Claim in its entirety. Dkt. #4.

before the Court is plaintiff's motion for summary judgment[2] (Dkt. #42) and defendants' cross-motion for summary judgment (dismissal of defendants Goord, Leclaire and McGinnis) (Dkt. #59). For the following reasons, plaintiff's motion for summary judgment is denied and defendants' cross-motion for summary judgment (dismissal of defendants Goord, Leclaire and McGinnis) is granted.

## BACKGROUND

**Plaintiff's Complaint**

Plaintiff, proceeding *pro se*, filed this action on or about September 17, 2003, against defendants Thomas A. Wichtowski, William Witkowski, Maurizio Perfetti, David J. Makara, Gregory A. Harvey, Floyd Fuller, S. Wenderlick, Donald Selsky, M. McGinnis, S. West, Lucien J. Leclaire, Glenn S. Goord, Richard W. Rich, Jr. and James A. Kain pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages. Dkt. #1.

In his First Claim, plaintiff alleges that he was assaulted and beaten by defendants Wichtowski, Witkowski, Perfetti, Makara, and Harvey on October 31, 2002, and that defendant Fuller did nothing to stop or intercede. *Id*. Specifically, plaintiff alleges that on October 31, 2002, he was given the wrong breakfast and that he had experienced this problem repeatedly. *Id*. Plaintiff further alleges that he told

---

[2] In his motion for summary judgment, plaintiff asserts two bases for relief, that a default judgment should be entered against all the defendants because they failed to timely answer or defend the matter and that it is undisputed that defendants used excessive force against plaintiff during an October 31, 2002 incident. Dkt. #43.

-2-

defendants Perfetti and Witkowski that he had received the wrong breakfast and they responded "so" and tried to walk away from plaintiff's cell. *Id*. Plaintiff put his hand in the feed-up hatch in an effort to get the defendants to call the sergeant so that the sergeant would ensure that plaintiff would receive the correct diet. *Id*. Plaintiff alleges that as he had his hand in the feed-up hatch,

> M. Perfetti malicious [sic] and sadistically closed the feed-up hatch on plaintiff's hand numerous times as W. Witkowski started malicious [sic] and sadistically hitting plaintiff's hand with his baton [what is violate to "D.O.C.S." Rules [sic] ] causing multipe [sic] bruise [sic], black and blues, swelling, bleeding and plaintiff couldn't move his hand for about 6-weeks without feeling pain in his hand.

Dkt. #1, ¶ 4. Thereafter, plaintiff alleges that defendant Perfetti went to his cell and asked if plaintiff wanted to see the nurse and when plaintiff indicated that he did, defendants Wichtowski, Witkowski, Perfetti, Makara and Harvey assaulted him. *Id*. at ¶¶ 4-5. Plaintiff further alleges that he was hand-cuffed and as he was being moved back into his cell he was kicked in the face and hit in the head by defendant Harvey causing swelling and causing him to blackout. *Id*. at ¶ 7. In addition, plaintiff maintains that while defendant Makara held plaintiff's hands away from his body, the other defendants, Wichtowski, Witkowski, Perfetti and Harvey, maliciously and sadistically beat plaintiff in the face, head, upper body, back and legs. *Id*. at ¶¶ 8-12. The balance of plaintiff's First Claim alleges that defendants S. Wenderlick and D. Selsky denied him due process when defendant Wenderlick refused to call plaintiff's witnesses during a subsequent disciplinary hearing and sentenced him to 24 months in the Special Housing Unit ("SHU"), loss of good time and a restricted diet in violation of Departmental rules and when defendant Selsky upheld the disciplinary finding and

sentence.  *Id*.  As noted above in footnote 1, by Decision and Order filed April 12, 2004, United States District Judge William M. Skretny dismissed plaintiff's due process claims (First Claim) against defendants Wenderlick and Selsky.  Dkt. #4.  Accordingly, those claims are not before this Court.

In his Second Claim, plaintiff alleges that he was sentenced to 270 days in the SHU and a restricted diet following a disciplinary hearing that was held in relation to May 30, 2001 disciplinary charges.  Dkt. #1.  Plaintiff further claims that he was found guilty despite a videotape that showed that he did not assault a Correctional Officer as charged and that Departmental rules prohibit a sentence of SHU and a restricted diet for an assault.  *Id*.  Plaintiff alleges that he wrote to defendants West, McGinnis, Goord and Leclaire complaining about the sentence imposed.  *Id*.  With respect to plaintiff's Second Claim, to the extent that it could be construed to allege an Eighth Amendment claim against defendants West, McGinnis, Goord and Leclaire, Judge Skretny ordered that plaintiff's claim be dismissed.  Moreover, Judge Skretny ordered "the remaining claims alleged in the Second Claim for Relief relating to the disciplinary hearing and the sentenced imposed may, at this time, proceed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I) and 1915A(b) against Defendants West[3], McGinnis, Goord and Leclaire."  Dkt. #4, pp.7-8.

---

[3] With respect to defendant West, defendants assert that defendant West has neither been served nor appeared in the action. Dkt. #62, ¶ 4. Defendants note that although the Western District of New York Docket states that defendant West was served on July 20, 2004, the actual Process Receipt and Return indicates that service was not effected.  Dkt. #6.

Finally, Judge Skretny dismissed plaintiff's Third Claim in its entirety because the defendants therein, plaintiff's criminal defense attorney, Richard W. Rich, Jr., at his January 2001 criminal trial and James A. Kain, an investigator for the Chemung County Public Defender's Office, "are not state actors for purposes of liability under 42 U.S.C. § 1983." Dkt. #4, p.8.

**Procedural Background**

In support of his motion for summary judgment, the plaintiff argues that a default judgment should be entered because the defendants did not answer the complaint in a timely manner. Dkt. #43. Notwithstanding plaintiff's assertion that the defendants failed to timely answer the complaint, on July 9, 2004, defendants, Goord, Wichtowski, Witkowski, Harvey, Fuller and McGinnis, moved for an extension of time to answer the complaint to on or before August 20, 2004. Dkt. #5. Thereafter, on August 17, 2004, defendants, Goord, Wichtowski, Witkowski, Perfetti, Harvey, Fuller, McGinnis and Leclaire, filed their answer to the complaint. Dkt. #14. As noted above in footnote 3, defendant West was never properly served with a copy of the complaint and has never appeared in this action. Finally, with respect to defendant Makara, defendant Makara received a copy of the complaint by mail on July 5, 2004. Dkt. #62, ¶ 5. Due to an administrative error, however, defendant Makara did not request representation from the Attorney General's Office until late August 2004, at which time an answer to the complaint was immediately filed on his behalf on August 30, 2004. *Id*.; Dkt. #24.

Thus, defendants argue that the sole defendant for which there is even a colorable basis to seek a default judgment is defendant Makara. However, the defendants maintain that because defendant Makara acknowledged service by mail, there was never any basis to conclude that he had any intention of not defending the lawsuit. Dkt. #62, ¶ 6. Indeed, the delay in answering the complaint was a mistake in failing to timely request representation from the Attorney General's Office. *Id*. In his motion for summary judgment, wherein he again[4] seeks the entry of a default judgment, plaintiff has failed to demonstrate any prejudice to his claim that was suffered as a result of the minimal delay in the filing of defendant Makara's answer to the complaint. *Id*. Indeed, it is undisputed that the plaintiff has had ample opportunity to engage in and complete discovery, participate in settlement discussions and plaintiff has filed the instant motion for summary judgment. *Id*.

**Stipulation of Settlement and Order of Dismissal - Second Claim**

On October 2, 2006, Conceptualization Gibbs, represented for settlement purposes only by an attorney, and Eliot Spitzer, Attorney General of the State of New York, entered into a Stipulation of Settlement and Order of Dismissal with respect to the following matters/claims: *Gibbs v. McGinnis, et al.*, 01-CV-527(Sr); *Gibbs v. Marker, et al.*, 01-CV-660(Sr) and *Gibbs v. Wichtowski, et al.*, 03-CV-700(Sr) (due process claim arising from a May 30, 2001 Misbehavior Report only). Dkt. #55. Specifically, the

---

[4] Plaintiff previously filed a motion for a default judgment (Dkt. #17) on August 27, 2004. By reason of defendants' motion for an extension of time to file an answer and the subsequent filing of that answer, plaintiff's motion for a default judgment was terminated by the Court on February 14, 2005.

Stipulation of Settlement and Order of Dismissal states with respect to the instant matter, "**WHEREAS**, the parties in the above-captioned matters are desirous of discontinuing the litigation in ... Gibbs v. Wichtowski, et al., 03-CV-700Sr, insofar as it sets forth a due process claim arising from a disciplinary hearing commenced pursuant to a Misbehavior Report with regard to plaintiff dated May 30, 2001." Dkt. #55, p.2 (emphasis in original). Thus, that portion of the instant matter relating to the May 30, 2001 Misbehavior Report (Second Claim) has been settled and dismissed with prejudice.

**Defendants' Opposition to Plaintiff's Motion for Summary Judgment**

In his motion for summary judgment, the plaintiff claims that it is undisputed that he was subjected to excessive force during the October 31, 2002 incident at Elmira. Conversely, the defendants involved in the incident maintain that the force used was reasonable. Moreover, the defendants argue that a videotape of a portion of the incident reveals that the plaintiff instigated the incident when he turned and struck officer Wichtowski on the side of the face with a feed-up tray. Dkt. #62, ¶ 7. The plaintiff further asserts that once out of camera range and in his cell, he was repeatedly struck by the defendants. The defendants deny these allegations and maintain that the force used was necessary. Id. at ¶ 8. Notably, with respect to that portion of the plaintiff's claim of excessive use of force once the plaintiff was out of camera range, defendants argue that "based on the conflicting stories raised by the parties, there is an issue of fact that cannot be resolved at the summary judgment

stage." *Id*. at ¶ 9.  Finally, in their memorandum of law in opposition to plaintiff's motion for summary judgment, defendants reiterate, "as there clearly is an issue of fact concerning plaintiff's excessive use of force claim, summary judgment is not appropriate."  Dkt. #61, p.7.

## DISCUSSION AND ANALYSIS

### Motion to Dismiss Defendants Goord, Leclaire and McGinnis

Defendants Goord, Leclaire and McGinnis were only named in the plaintiff's Second Claim, wherein plaintiff alleges that he wrote to defendants West, McGinnis, Goord and Leclaire complaining about the sentence imposed following a disciplinary hearing relating to May 30, 2001 disciplinary charges.  Dkt. #1.  As described above, on October 2, 2006, Conceptualization Gibbs, represented for settlement purposes only by an attorney, and Eliot Spitzer, Attorney General of the State of New York, entered into a Stipulation of Settlement and Order of Dismissal with respect to, *inter alia*, *Gibbs v. Wichtowski, et al.*, 03-CV-700(Sr) (due process claim arising from a May 30, 2001 Misbehavior Report only).  Dkt. #55.  Specifically, the Stipulation of Settlement and Order of Dismissal states with respect to the instant matter, "**WHEREAS**, the parties in the above-captioned matters are desirous of discontinuing the litigation in ... Gibbs v. Wichtowski, et al., 03-CV-700Sr, insofar as it sets forth a due process claim arising from a disciplinary hearing commenced pursuant to a Misbehavior Report with regard to plaintiff dated May 30, 2001."  Dkt. #55, p.2 (emphasis in original).  Thus, in accordance with the terms of the Stipulation of

Settlement and Order of Dismissal, the plaintiff's claim against defendants Goord, Leclaire and McGinnis was settled and dismissed with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Notably in the papers filed in response to defendants' motion for summary judgment, the plaintiff does not oppose dismissing defendants Good, Leclaire and McGinnis. Accordingly, defendants' motion is granted and defendants Goord, Leclaire and McGinnis are hereby dismissed from this action.

**Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party seeking to defeat a motion for summary judgment,

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

**Excessive Use of Force Claim**

A claim of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution has both a subjective and objective component. To satisfy the subjective component, a plaintiff must demonstrate that the defendant "had the necessary level of culpability, shown by actions characterized by 'wantonness' in light of the circumstances surrounding the challenged conduct." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009), *quoting Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) and *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Whether conduct of

prison officials can be characterized by "wantonness" is determined by "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wright,* 554 F.3d at 268, *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The objective component of a claim of cruel and unusual punishment concentrates on the harm done in light of "contemporary standards of decency." *Wright*, 554 F.3d at 268, *quoting Hudson*, 803 U.S. at 8.

"Where a prisoners' allegations and evidentiary proffers could reasonably, if credited, allow a rational factfinder to find that corrections officers used force maliciously and sadistically, our Court has reversed summary dismissals of Eighth Amendment claims of excessive force even where the plaintiff's evidence of injury was slight and the proof of excessive force was weak." *Wright v. Goord*, 554 F.3d 255, 269 (2d Cir. 2009), *citing Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) ("reversing summary dismissal of prisoner's complaint, though suggesting that prisoner's evidence of an Eighth Amendment violation was 'thin' as to his claim that a corrections officer struck him in the head, neck, shoulder, wrist, abdomen, and groin, where the 'medical records after the ... incident with [that officer] indicated only a slight injury'"); *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999) ("vacating district court's *sua sponte* dismissal of prisoner's complaint, though characterizing his 'excessive force claim [a]s weak and his evidence [as] extremely thin' where prisoner alleged that he was hit by prison guards 'after he was handcuffed' but 'the only injuries he suffered were a bruised shin and swelling over his left knee'"). Notwithstanding the foregoing, *"de minimis* uses of

physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind," is not proscribed by the Eighth Amendment's prohibition against cruel and unusual punishment. *Hudson*, 503 U.S. at 10. Indeed, the Supreme Court has further elaborated, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id*. at 9.

Both plaintiff and defendants segregate plaintiff's excessive use of force claim into two separate episodes, those acts that were captured on camera and those that were not. As described above, initially the parties disagreed with respect to whether there were genuine issues of material fact concerning the incident in its entirety. The defendants have consistently maintained that material issues of fact exist with respect to whether the force used was excessive. In his motion for summary judgment, plaintiff initially argued that there were no disputed issues of material fact. However, in his response to defendants' motion for summary judgment (motion to dismiss), the plaintiff states, "the defendant's [sic] are not entitled to summary judgment, because there are genuine issues of material fact to be resolved." Dkt. #73. In fact, plaintiff has filed a "Statement of Disputed Factual Issues" wherein he enumerates eleven separate material issues of fact to be decided with respect to his claim of excessive use of force. Dkt. #72. Accordingly, because it now appears that plaintiff and the defendants agree that there are indeed genuine issues of material fact

in dispute, plaintiff's motion for summary judgment on his excessive use of force claim against defendants Wichtowski, Witkowski, Perfetti, Makara, and Harvey is denied.

**Defendant Fuller**

Although it is unclear from plaintiff's motion for summary judgment and the documents submitted therewith, whether plaintiff is also seeking summary judgment with respect to his claim against defendant Fuller, this Court will treat plaintiff's motion as though it seeks summary judgment against defendant Fuller. As against defendant Fuller, plaintiff alleges, "F. Fuller is held liable, because he looked on as the above named defendants malicious [sic] and sadistically beat/assaulted plaintiff and did nothing to stop the defendants from assaulting plaintiff." Dkt. #1, ¶ 13.

The Eighth Amendment prohibits cruel and unusual punishment that involves the unnecessary and wanton infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment to the United States Constitution imposes the duty on prison officials to provide humane conditions of confinement and officials must ensure that inmates receive adequate food, clothing, shelter and medical care. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). In order to prevail on a claim of a violation of the Eighth Amendment, a plaintiff must satisfy both an objective and subjective component. First, the deprivation must be, objectively, sufficiently serious, such as "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. at 834, *citing Rhodes*, 452 U.S. at 347. The second component

requires that the prison official have a "sufficiently culpable state of mind."  *Id*.  In cases such as this, the state of mind is one of deliberate indifference to the health and safety of an inmate.  *Id*.

Conditions of confinement inflict cruel and unusual punishment when they result "in unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  However, conditions that are "restrictive and even harsh" are "part of the penalty that criminal offenders pay for their offenses against society."  *Id*.  With respect to the subjective component, a prison official will not be held liable for inhumane conditions, "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The Supreme Court of the United States adopted "subjective recklessness" as is used in criminal law as the test for "deliberate indifference" under the Eighth Amendment.  *Id*. at 839-40.

In the instant case, the allegations in the plaintiff's complaint with respect to defendant Fuller are inextricably intertwined with those relating to the other defendants.  Because there are genuine issues of material fact relating to plaintiff's excessive use of force claim sufficient to require the denial of plaintiff's motion for summary judgment, any claim against defendant Fuller is similarly inappropriate for

summary judgment.  Accordingly, to the extent plaintiff's motion for summary judgment was intended to include a request for such relief as against defendant Fuller, such request is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment (Dkt. #42) is **DENIED**.  Defendants' cross-motion for summary judgment (dismissal of defendants Goord, Leclaire and McGinnis) is **GRANTED**.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

DATED:	Buffalo, New York
	November 5, 2009

	s/ H. Kenneth Schroeder, Jr.
	**H. KENNETH SCHROEDER, JR.**
	**United States Magistrate Judge**